## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| LISVANIA VIERA, | ) |
|         Plaintiff | ) |
| | )   Civil Action No. 3:18CV-00363-JHM |
| vs. | ) |
| JOHNSON CONTROLS, INC., | ) |
|         Defendant | ) |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Johnson Controls, Inc. ("Defendant"), by its counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

As to the specific paragraphs of Plaintiff's Complaint, Defendant makes the following response to the corresponding numbered paragraphs of the Complaint:

### JURISDICTION AND VENUE

1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, denies them.

2.    Defendant admits the allegations contained in Paragraph 2.

3.    Defendant admits the allegations contained in Paragraph 3. Defendant further states that at all times relevant to the allegations in the Complaint, Plaintiff was an employee of only Yanfeng Automotive Interior Systems II, LLC ("Yanfeng").

4.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies them.

5.    The allegations in Paragraph 5 are legal conclusions to which no answer is required.

6. The allegations in Paragraph 6 are legal conclusions to which no answer is required.

7. The allegations in Paragraph 7 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

8. The allegations in Paragraph 8 are legal conclusions to which no answer is required. To the extent an answer is required, denied. Defendant further states that it specifically denies that Plaintiff has been damaged in any manner and denies that she is entitled to the relief requested or any other relief. Defendant further specifically denies that Plaintiff has sustained any injury, damage or loss, if any, by reason of any act, omission, or negligence on the part of Defendant.

**FACTS**

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies them.

10. Defendant denies the allegations contain in Paragraph 10. Defendant further states that Plaintiff was hired on August 6, 2012 as a Molding Operator.

11. The allegations in Paragraph 11 are legal conclusions to which no answer is required. To the extent an answer is required, denied. Defendant further states that Plaintiff was terminated for failing to comply with Yanfeng's attendance policy.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies them. Defendant further states that Plaintiff was granted five days of Emergency Vacation – January 10-17, 2017 – to care for her daughter. Defendant further states that since Plaintiff's daughter was over 18 years of age at the time, Plaintiff's absence from work did not qualify for leave under the Family Medical Leave Act.

13. The allegations in Paragraph 13 are legal conclusions to which no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies them.

14. The allegations in Paragraph 14 are legal conclusions to which no answer is required. To the extent an answer is required, denied. Defendant further states that Plaintiff did not file any workers' compensation claim.

15. Defendant admits that Plaintiff returned to work on or around May 10, 2017.

16. The allegations in Paragraph 16 are legal conclusion to which no answer is required. To the extent an answer is required, denied. Defendant further states that Plaintiff made no complaints to human resources regarding the allegations contained in Paragraph 16.

17. The allegations in Paragraph 17 are legal conclusion to which no answer is required. To the extent an answer is required, denied.

18. The allegations in Paragraph 18 are legal conclusion to which no answer is required. To the extent an answer is required, denied.

19. The allegations in Paragraph 19 are legal conclusion to which no answer is required. To the extent an answer is required, Defendant only admits that Plaintiff's employment was terminated on or about May 31, 2017. Defendant further states that all of the remaining allegations in Paragraph 19 are denied and that Plaintiff was terminated for violating Defendant's attendance policy.

20. Defendant states that Plaintiff did file a charge of discrimination with the Equal Employment Opportunity Commission, which was given the designation Charge No. 474-2017-00714. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 20 and, therefore, denies them. Defendant further

states that Plaintiff's EEOC charge was filed under Title VII of the Civil Rights Act on the basis of national origin discrimination only.

21. The allegations in Paragraph 21 state a legal conclusion to which no answer is required. To the extent an answer is required, denied.

22. The allegations in Paragraph 22 state a legal conclusion to which no answer is required. To the extent an answer is required, denied.

## COUNT I
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000e-2(A)

23. The allegations in Paragraph 23 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

24. The allegations in Paragraph 24 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

25. The allegations in Paragraph 25 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

26. The allegations in Paragraph 26 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

## COUNT II
## RETALIATION IN VIOLATION OF 42 U.S.C. §2000E-3(A)

27. The allegations in Paragraph 27 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

28. The allegations in Paragraph 28 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

29. The allegations in Paragraph 29 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

## COUNT III
## DISCRIMINATION IN VIOLATION OF ADAAA 42 U.S.C. §12112(A)

30. The allegations in Paragraph 30 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

31. The allegations in Paragraph 31 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

32. The allegations in Paragraph 32 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

## COUNT IV
## DISCRIMINATION IN VIOLATION OF KRS 344

33. The allegations in Paragraph 33 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

34. The allegations in Paragraph 34 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

35. The allegations in Paragraph 35 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

## COUNT V
## RETALIATION IN VIOLATION OF KRS 344.280(1)

36. The allegations in Paragraph 36 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

37. The allegations in Paragraph 37 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

38. The allegations in Paragraph 38 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

## COUNT VI
## RETALIATION IN VIOLATION OF KRS 342.197

39. The allegations in Paragraph 39 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

40. The allegations in Paragraph 40 are legal conclusions to which no answer is required. To the extent an answer is required, denied.[1]

## COUNT VII
## FMLA INTERFERENCE IN VIOLATION OF 29 U.S.C. § 2615(A)(L)

46. The allegations in Paragraph 46 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

47. The allegations in Paragraph 47 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

48. The allegations in Paragraph 48 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

49. The allegations in Paragraph 49 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

50. The allegations in Paragraph 50 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

51. The allegations in Paragraph 51 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

52. The allegations in Paragraph 52 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

---

[1] The Paragraph numbers 41-45 are missing from the Complaint and Defendant's Answer corresponds to the Paragraph numbers actually used in the Complaint as indicated.

53. The allegations in Paragraph 53 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

## COUNT VIII
## RETALIATION IN VIOLATION OF 29 U.S.C. §2615(A)(2)

54. The allegations in Paragraph 54 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

55. The allegations in Paragraph 55 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

56. The allegations in Paragraph 56 are legal conclusions to which no answer is required. To the extent an answer is required, denied.

## ANSWER TO REMAINDER OF COMPLAINT

The remaining paragraphs of the Complaint contain Plaintiff's prayer for relief. Defendant denies that Plaintiff is entitled to any relief. Defendant further specifically denies that Plaintiff has been damaged in any manner and that she is entitled to the relief requested or any other relief. Defendant further specifically denies that Plaintiff has sustained any injury, damage or loss, if any, by reason of any act, omission, or negligence on the part of Defendant. Defendant denies each and every remaining allegations of Plaintiff's Complaint that it has not separately and specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint, and each purported claim contained therein, fails to allege facts sufficient to state a claim upon which relief may be granted.

2. Plaintiff's Complaint, and each purported claim contained therein, fails to state a claim upon which relief may be granted.

3. Plaintiff has named the wrong Defendant.

4. Plaintiff is estopped from pursuing her claims by reasons of Plaintiff's own actions and course of conduct.

5. Plaintiff has waived her right, if any, to pursue the claims by reason of her own actions and course of conduct.

6. Plaintiff's claims are barred by the doctrine of laches.

7. Plaintiff's claims are barred by the doctrine of unclean hands.

8. To the extent that any of the alleged wrongs were committed by Defendant's predecessor entities, any and all such claims are barred against Defendant in their entirety.

9. Plaintiff's claims are barred because she was an at-will employee.

10. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

11. Plaintiff's alleged damages or claims are barred or substantially reduced because Plaintiff has failed to mitigate the alleged damages, if any.

12. Plaintiff's claims are barred, in whole or in part, because any recovery would result in unjust enrichment.

13. Plaintiff's claims do not rise out of an injury that was proximately caused by any unlawful or illegal policy, procedure or action of Defendant.

14. Plaintiff's claims are barred, in whole or in part, from recovery of damages as alleged to the extent that she received any workers' compensation benefits relating to her claims or, alternatively, and such workers' compensation benefits received by Plaintiff should be an offset to any recovery in this action.

15. Plaintiff may be barred, in whole or in part, from recovery of damages as alleged by the after-acquired evidence doctrine.

16. All actions taken by Defendant with regard to Plaintiff were taken in good faith.

17. Defendant affirmatively asserts that it engaged in good faith efforts to comply with the law.

18. Plaintiff's claims are barred as all actions of Defendant were job-related and consistent with business necessity.

19. Plaintiff's claims are barred because she was terminated pursuant to a lawful, no-fault attendance policy.

20. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take advantage of any preventive or corrective opportunities provided by Defendant to avoid harm or otherwise.

21. Plaintiff's claims are barred because Plaintiff failed, in whole or in part, to exhaust all available administrative remedies, and/or otherwise failed to comply with the statutory prerequisites to bringing this action.

22. Plaintiff's claims are barred in whole or in part because all decisions with respect to Plaintiff were made by Defendant for legitimate, non-discriminatory, non-retaliatory and non-pretextual reasons.

23. Defendant states that, even if Plaintiff is able to prove that a prohibited factor motivated Defendant's alleged employment action(s), which Defendant expressly denies, the same action or omissions would have been taken even absent such motivation and, therefore, Plaintiff's claims must fail.

24. Plaintiff's Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

25. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory behavior.

26. Plaintiff is not a qualified individual with a disability as defined by federal or state law.

27. Plaintiff failed to provide proper notice as required by the Family Medical Leave Act.

28. Plaintiff's was not qualified for leave under the Family Medical Leave Act.

29. To the extent that Plaintiff makes allegations or claims under Title VII and failed to file a civil action within ninety (90) days after receiving notice of a right to sue from the EEOC, such allegations or claims are barred.

30. Plaintiff's Title VII claims are barred to the extent that the allegations contained therein do not reasonably fall within the scope of claims made in any administrative charge timely filed with the EEOC.

31. Plaintiff's Title VII claims are barred to the extent Plaintiff did not timely file a charge with the EEOC after the alleged discriminatory or retaliatory actions.

32. To the extent Plaintiff has filed for bankruptcy and failed to disclose her claims to the bankruptcy court, her claims are barred by estoppel.

33. Plaintiff's disability discrimination claim is barred because she does not have a disability.

34. Plaintiff's disability discrimination claim is barred because she was not considered to have a record of impairment that substantially limits a major life activity.

35. Plaintiff's disability discrimination claim is barred as all actions of Defendant were job-related and consistent with business necessity.

36. Any requested or necessary accommodation of Plaintiff would be unreasonable and impose an undue hardship on the operation of the business.

37. Plaintiff's claims are barred because Plaintiff failed to request any accommodations.

38. Plaintiff has failed to plead sufficient facts to set forth a claim for punitive damages against Defendant.

39. Plaintiff has failed to allege facts sufficient to establish a claim of retaliation.

40. Defendant alleges that it has not engaged in intentional discrimination with respect to Plaintiff and Defendant therefore cannot be liable for punitive damages.

41. Plaintiff is not entitled to recover punitive damages because Defendant has made good faith efforts to prevent discrimination, retaliation or other statutory violations in its workplace.

42. Plaintiff is barred from recovering punitive damages because Defendant had in place a policy to prevent discrimination and retaliation in the workplace and made good faith efforts to implement and enforce that policy.

43. Plaintiff's claims for punitive relief are barred, inasmuch as Plaintiff cannot show that Defendant showed willful misconduct, malice, reckless indifference, fraud, wantonness, oppression, or the entire want of care which would raise the presumption of indifference to consequences.

44. An award of punitive damages against Defendant would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

45. An award of punitive damages against Defendant in this case would violate the equal protection provisions of the Fourteenth Amendment to the United States Constitution.

46.     Defendant reserves the right to add any additional affirmative defenses as they may become known.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendant's favor and that Defendant be awarded its costs, attorneys' fees, and any such other relief as this Court deems appropriate.

                Respectfully Submitted,

                /s/ Jeffrey D. Stamper
                Jeffrey D. Stamper
                9300 Shelbyville Road, Suite 910
                Louisville, Kentucky 40222
                502.515.3343 direct line
                kyattys@aol.com
                *Attorney for Defendant*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| LISVANIA VIERA, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 3:18CV-00363-JHM |
| vs. ) | |
| ) | |
| JOHNSON CONTROLS, INC., ) | |
| ) | |
| Defendant ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 13, 2018, the foregoing "Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint" was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record for the Plaintiff:

Zachary L. Taylor
ztaylor@taylorcouchlaw.com

Nina Couch
couchlawpllc@gmail.com

/s/ Jeffrey D. Stamper
Jeffrey D. Stamper
Attorney for Defendant